IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY PRINCE FRANKLIN,

    Petitioner,                                  No. CIV S-08-1276 FCD CHS P

    vs.

JAMES WALKER, Warden,

    Respondent.                    <u>FINDINGS AND RECOMMENDATIONS</u>

                                        /

## I. INTRODUCTION

Petitioner Timothy Prince Franklin is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges the constitutionality of his 2002 convictions in the Sacramento County Superior Court, case number O1F02563.

## II. BACKGROUND

A jury convicted petitioner of rape, sexual battery, and commission of a lewd act on a 14 year old victim. The jury also found, for enhancement purposes, that he had a prior serious felony conviction (strike) and had served two prior prison terms. Petitioner was sentenced to state prison for an aggregate term of 32 years and four months, calculated as follows: four years for sexual battery, doubled pursuant to Cal. Penal Code §667(e)(1) for the

prior felony conviction; a consecutive sentence of eight years for rape, also doubled pursuant to §667(e)(1), a consecutive sentence of one year and four months for committing a lewd act with a minor, two consecutive one year terms for the prior prison term allegations (§667.5(b)), and a consecutive five year enhancement for the prior serious felony conviction (§667(a)). Petitioner appealed, and the judgment was affirmed.

Petitioner sought habeas corpus relief in the trial court. In May 2005, the Sacramento County Superior Court granted the petition in part, ordering re-sentencing because the trial court had imposed a fully consecutive term for the rape charge pursuant to Cal. Penal Code §667.6(d) without giving a separate reason to support its discretionary choice of that term as it was required to do under the statutory scheme.

At re-sentencing in January 2006, petitioner was committed to state prison for the same term, 32 years and four months, calculated in the same manner. The sentencing court clarified that it was imposing a full, separate, and consecutive term for the rape because

> first of all the court believes that is a separate offense as defined by law and second defendant was on parole at the time this offense was committed which justifies imposition of consecutive sentences.

(Lodged Doc. 10 at 8.) The California Court of Appeal, Third District, affirmed the judgment after re-sentencing. Petitioner sought habeas corpus relief in the Sacramento County Superior Court and California Supreme Court; this time his petitions were denied.

### III. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521

U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

This court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919 (2003).

## IV. ISSUES PRESENTED

The issues presented are largely procedural. Petitioner claims that (1) he was unconstitutionally sentenced to the statutory maximum upper terms for sexual assault and rape in violation of the rule set forth in *Blakely v. Washington*, 542 U.S. 296 (2004); (2) the court erred during re-sentencing when it imposed his term for rape as a full, separate, and consecutive term; (3) his prior conviction for burglary was improperly counted as a prior "strike" under California's habitual criminals or "Three Strikes" law; (4) he was sentenced under more than one statutory sentencing scheme; and (5) the court made an instructional error with respect to its definition of the reasonable doubt standard.

/////
/////
/////

V.  DISCUSSION

A.  Alleged *Blakely* Error

Petitioner claims that the trial court improperly relied on facts not submitted to the jury and proved beyond a reasonable doubt to impose upper terms for the rape and sexual battery counts in violation of the Sixth and Fourteenth Amendments.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury, applicable to state criminal proceedings through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 149-150 (1968). In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court clarified a defendant's rights under the Sixth Amendment by extending the right to trial by jury to any fact finding used to make enhanced sentencing determinations above the statutory maximum for an offense. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 488-90. "[T]he statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2005).

Under California's Determinate Sentencing Law at the time petitioner was sentenced, the trial court was statutorily directed to impose the middle term of three possible terms (upper, middle and lower), unless there were circumstances in aggravation or mitigation of the crime. Cal. Penal Code §1170(b) (2004); *see also* Cal. R. Ct. 4.420, 4.421, 4.423 (1977). Under the rules, circumstances in aggravation and mitigation had to be established by a preponderance of the evidence, and the judge's selection of the upper term was justified only if, after consideration of all relevant facts, the circumstances in aggravation outweighed the circumstances in mitigation. Cal. R. Ct. 4.420(b). The rules also specified a non-exhaustive list of aggravating and mitigating factors, including factors relating to the crime and to the defendant. Cal. R. Ct. 4.421, 4.423.

In this case, at the initial sentencing hearing, the trial court based its choice of the upper term for the sexual battery on the fact that petitioner had numerous prior adult convictions which had become increasingly more serious as years have gone by and his failure to keep himself away from custody status (Cal. R. Ct. 4.421(b)(2)). (Lodged Doc. 2 at 617-18.) With respect to the rape count, the upper term was selected based on the finding that petitioner "took advantage of a position of trust or confidence" of the victim to commit the offense (Cal. R. Ct. 4.421(a)(11), and also that he had served a prior prison term (Cal. R. Ct. 4.421(b)(3)). (Lodged Doc. 2 at 617-18.) At re-sentencing, the court once again imposed the upper terms for these counts, but for different stated reasons. As to the sexual battery count, the sentencing court cited as an aggravating factor that petitioner took advantage of a position of trust or confidence to commit the offense. (Lodged Doc. 12 at 7.) As to the rape count, the court cited as an aggravating factor that he had engaged in violent conduct which indicates he is a serious danger to society (Cal. R. Ct. 4.421(b)(1). (Lodged Doc. 12 at 8.)

Subsequent to petitioner's sentencing, in *Cunningham v. California*, the United States Supreme Court held that California's Determinate Sentencing Law violated a defendant's right to a jury trial to the extent it allowed a trial court to impose an upper term based on facts found by the court rather than by the jury. *Cunningham v. California*, 549 U.S. 270 (2007). The Ninth Circuit Court of Appeals has held that *Cunningham* must be applied retroactively on collateral review. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 767 (2008).

In this case, neither aggravating factor actually cited by the judge at re-sentencing to support upper term selection was found true by the jury in accordance with the rule of *Apprendi*. Nevertheless, these factors did not increase the penalty for petitioner's crime *beyond* the prescribed statutory maximum. "The statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. Here, petitioner was eligible

for the upper terms by virtue of his prior convictions, which were submitted to the jury for sentence enhancement purposes and found true beyond a reasonable doubt.

The jury verdict reflected that petitioner had incurred prior convictions for first degree burglary in 1984, petty theft with a prior in 1993, possession of a controlled substance in 1993, and possession of a controlled substance again in 1996. (Lodged Doc. 1 at 392-93.) One enumerated aggravating factor which will support imposition of an upper term under Rule 4.421 is that the defendant's prior convictions are "numerous or of increasing seriousness." Cal. R. Ct. 4.421(b)(2). Petitioner's four prior convictions are "numerous" within the meaning of Rule 4.421. *See People v. Black*, 41 Cal.4th 799, 818 (2007), *cert. denied*, 128 S. Ct. 1063 (2008) ("*Black II*") (two prior felony convictions and three prior misdemeanor convictions were "numerous"); *People v. Searle*, 213 Cal.App.3d 1091, 1098 (1989) (three prior convictions were "numerous" in context of the predecessor to Rule 4.421). Under California law, a single valid aggravating factor is sufficient to render a defendant eligible for an upper term of imprisonment. *Black II*, 41 Cal.4th at 816.

The fact of a prior conviction need not be submitted to a jury and proved beyond a reasonable doubt in order for a sentencing judge to use that factor to increase the penalty for a crime. *Apprendi*, 530 U.S. at 490. But, in this case, the judge at petitioner's re-sentencing did not actually rely on the prior convictions in imposing either upper term. Nevertheless, by virtue of being reflected in the jury verdict, petitioner's prior convictions authorized imposition of the upper terms. Any additional fact finding done by the judge was relevant only to the selection of a sentence within the authorized statutory range. *See Butler*, 528 F.3d 624 (9th Cir. 2008) (the Sixth Amendment does not prevent judges from "exercis[ing] discretion-taking into consideration various factors relating both to offense and offender- in imposing a judgment *within the range* prescribed by statute." *Id*. (emphasis in original) (quoting *Apprendi*, 530 U.S. at 481). Petitioner's upper term sentences were within the statutory maximums allowable based on facts that were actually reflected in the jury verdict. Accordingly, the state court's decision

that petitioner's right to jury trial was not violated is not contrary to, or an unreasonable application of federal law as determined by the Supreme Court.

B. Remaining Claims

Respondent asserts that petitioner's grounds two through five are procedurally barred. Before seeking federal habeas corpus relief, a state prisoner must fairly present all claims to the highest state court to provide that court with an opportunity to rule on the merits of the federal claims. *Picard v. Connor*, 404 U.S. 270, 278 (1971). If a petitioner procedurally defaults his federal claims in state court by operation of a state rule that is independent of federal law and adequate to support the judgment, federal habeas review of the claims is barred unless the prisoner can demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). A state ground is independent and adequate only if the last state court to which the petitioner presented the claim "actually relied" on a state rule that was sufficient to justify the decision. *Valerio v. Crawford*, 306 F.3d 742, 773 (9th Cir. 2002), *cert denied*, 538 U.S. 994 (2003).

Petitioner previously raised grounds two through five on habeas corpus in the Sacramento County Superior Court. The superior court denied the claims on the basis that they could have been raised on appeal and therefore were not cognizable on habeas corpus review. The superior court cited two cases: *In re Dixon*, 41 Cal.2d 756, 759 (1953) and *In re Harris*, 5 Cal.4th 813, 828 (1993). The California Supreme Court also rejected these claims, but without explanation or citation. It is presumed that the state supreme court denied the claim for the same reasons as the state superior court. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"). Thus, in denying petitioner's grounds two through five, the California Supreme court actually relied on the rules set forth in *Dixon*, 41 Cal.2d at 759 and *Harris*, 5 Cal.4th at 828.

California's *Dixon* rule "generally prohibits raising an issue in a post-appeal habeas corpus petition when that issue was not, but could have been raised on appeal." *Fields v. Calderon*, 125 F.3d 757, 762 (9th Cir. 1997); *see also Dixon*, 41 Cal.2d at 759. *In re Harris* involved a habeas petitioner who was attempting to assert a claim in habeas that, conversely, had previously been heard and decided on direct appeal. 5 Cal. 4th 813. The *Harris* court held that the petitioner was barred from raising his claim which had already been heard and decided on direct appeal. *In re Harris*, 5 Cal. 4th at 834. Because the California Supreme Court relied on the rules of *Dixon* and *Harris* to deny petitioner's grounds two through five because they could have been raised on direct appeal, the relevant inquiry is whether those rules rest upon an independent and adequate state ground.

In another case, *In re Robbins*, the California Supreme Court explicitly held that it would no longer consider whether an error alleged in a state habeas corpus petition constituted a federal constitutional violation. 18 Cal.4th 770, 811-12 (1998). In other words, if the California Supreme Court finds a claim to be procedurally defaulted after *Robbins* was decided, it has done so solely upon state law grounds. *Id*. Petitioner's state habeas corpus petition was denied by the California Supreme Court on April 9, 2008, a decade after *Robbins* was decided. Accordingly, the California Supreme Court's denial of the petition was necessarily predicated only upon consideration of state law issues, rendering the ruling an independent procedural bar. *See, e.g., Protsman v. Pliler*, 318 F.Supp.2d 1004, 1006-08 (S.D. Cal. 2004) (finding *Dixon* rule to be independent when the default was applied subsequent to the *Robbins* decision).

Whether the procedural bar imposed was adequate in addition to being independent depends on whether it was "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th cir. 2004) (*quoting Fields v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997) (additional citation omitted); *see also Johnson v. Mississippi*, 486 U.S. 578, 588-89 (1988). The Ninth Circuit has adopted a burden-shifting analysis to determine adequacy. *Bennett v. Mueller*, 322 F.3d 573,

586 (9th Cir. 2003). Under this analysis, when the state pleads, as an affirmative defense, that a claim is procedurally barred, the burden shifts to the petitioner to challenge the adequacy of that bar by showing that it has been inconsistently applied. *Id*. Where the petitioner challenges the adequacy of the bar, the state retains the ultimate burden of proving adequacy. *Id*. In *Bennett*, the Ninth Circuit Court of Appeals found that a genuine question existed as to whether California's untimeliness bar was adequate, and remanded to the district court for the issue to be determined. *Bennett*, 322 F.3d at 584.

In this case, petitioner filed a traverse, but did not address the procedural bar issue raised in respondent's answer. Petitioner has failed to meet his burden to challenge the adequacy of the state's asserted procedural bar. *See generally King v. Lamarque*, 464 F.3d 963, 967 (9th Cir. 2006) ("*Bennett* requires the petitioner to 'place [the procedural default] defense in issue" to shift the burden back to the government"); *see also Protsman*, 318 F.Supp.2d at 1008-09 (finding the *Dixon* procedural bar at issue here to be adequate where the petitioner failed to contest it). Although petitioner is pro se, and has previously requested the appointment of counsel, the interests of justice do not require that counsel be appointed in order for petitioner to challenge the adequacy of the asserted procedural bar because grounds two through five are, in any event, without merit.

When a habeas petition presents both a question of procedural default and a merits issue, the procedural bar question should ordinarily be considered first; however, where the procedural issue presents complicated issues of state law and the merits question is easily resolvable against the petitioner, judicial economy counsels giving the merits question priority *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). In this case, petitioner's grounds two, three, and four raise claims of sentencing error for which habeas corpus relief is unavailable, while ground five is foreclosed by the Ninth Circuit's holding in *Lisenbee v. Henry*, 166 F.3d 997, 999-1000 (9th Cir. 1999). Accordingly, petitioner's grounds two through five will be denied on the merits.

For his second ground for relief, petitioner claims that the court erred in imposing his sentence for rape as a fully consecutive term to the principal term pursuant to Cal Penal Code §667.6(c).  For his third ground, petitioner alleges that his prior conviction for burglary was improperly counted as a strike under California's habitual criminals or "three strikes" law (Cal. Penal Code §667).  For his fourth ground, he claims that he was unconstitutionally sentenced under more than one state statutory scheme, and for his final ground, he asserts that the court made an instructional error.

Habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws, unless the error resulted in a complete miscarriage of justice.  *See Hill v. United States*, 368 U.S. 424, 428 (1962); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *see also, e.g.*, *Miller v. Vasquez*, 868 F.2d 1116 (9th Cir. 1989).  In *Miller*, Ninth Circuit Court of Appeals refused to review whether a state court had properly determined that a defendant's prior conviction qualified as a "serious felony" within the meaning of the state statutory scheme.  *Id*. at 1118-1119.  The court did not reach the merits of the claim, holding that federal habeas relief is not available for alleged errors in interpreting and applying state law.  *Id*. (quoting *Middleton*, 768 F.2d at 1085.)

The reasoning of *Miller* applies to petitioner's grounds two through four.  As set forth above, petitioner asserts errors in the application of state sentencing laws, none of which implicated notions of fundamental fairness or resulted in a miscarriage of justice.  Federal habeas corpus relief is not available for petitioner's grounds two, three, or four.

In ground five, petitioner contends that the trial court erred in instructing the jury with CALJIC 2.90, which gives with the standard for reasonable doubt.  The Ninth Circuit has specifically upheld the constitutionality of the version of CALJIC No. 2.90 with which petitioner's jury was instructed.  *See Lisenbee v. Henry*, 166 F.3d at 999-1000 (holding that the

1  post-1994 version of CALJIC No. 2.90 adequately describes the reasonable doubt standard).
2  Petitioner's argument that the court erred in this regard is foreclosed by the holding of *Lisenbee*.
3  Regardless of whether petitioner's grounds two through five were procedurally defaulted, the
4  claims are without merit and no relief can be granted.

## VI.  CONCLUSION

For all the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 28, 2009

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE