IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY PRINCE FRANKLIN,

    Petitioner,　　　　　　　　　　　　　　No. CIV S-08-1276 FCD CHS P

   vs.

JAMES WALKER, Warden,

    Respondent.

<u>ORDER</u>

                            /

        Petitioner, a state prisoner proceeding pro se, filed a timely notice of appeal of this court's order signed on February 1, 2010 and entered on February 2, 2010 denying his application for writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

        A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different

1

court, or is "'adequate to deserve encouragement to proceed further.'" *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).[1]

In this case, petitioner alleged in his first claim that he was unconstitutionally sentenced to the statutory maximum upper terms for sexual assault and rape based upon facts not found true by the jury or otherwise admitted, in violation of the rules set forth by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). Notably, neither aggravating factor cited by the judge at petitioner's re-sentencing to support selection of the statutory maximum upper term had been admitted by petitioner or found true by the jury, although this court held that upper term sentencing was nevertheless authorized by other facts, not cited by the judge, which *were* reflected in the jury verdict or admitted by petitioner. Because the court believes this issue is debatable among jurists of reason, or could potentially be resolved differently by a different court, a certificate of appealability shall issue with respect to this claim.

Petitioner has failed to make a substantial showing with respect to the remaining claims presented in the petition. Accordingly, IT IS HEREBY ORDERED that a certificate of appealability shall issue in the present action solely with respect to petitioner's claim that he was unconstitutionally sentenced to the statutory maximum upper terms for sexual assault and rape in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).

DATED: February 22, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. *Jennings*, at 1010.

2